LAW OFFICES OF
# GARY G. BECKER, P.L.L.C.
40 FULTON STREET · 17th FLOOR
NEW YORK, NEW YORK 10038

(212) 785-7565                                                                          FACSIMILE (212) 214-0901
                                                                                        becker@garybeckerlaw.com

May 27, 2025

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10017

**Re: United States v. Corey Spivey, 14 Cr. 553 (PAC)(LGS)**

Dear Judge Schofield:

      On May 15, 2017, the Honorable Paul A. Crotty sentenced Corey Spivey to a 276-month term of imprisonment following his pleas of guilty to two counts of a six-count indictment charging him with the production, possession, and receipt and distribution of child pornography, in violation of 18 U.S.C. §§2251(a), and 2252A(2)(A).[1]  I was CJA counsel to Mr. Spivey from shortly after the commencement of this case through sentencing.  A Docket Entry on May 13, 2025 gave notice that this matter has been reassigned from Judge Crotty to Your Honor.  I write now to request that the Court schedule a conference, to be held once a new Assistant United States Attorney is given responsibility for this case (the assistant who handled the case before Judge Crotty is now in private practice) and the parties have had the opportunity to confer about the issues that underlie my request.[2]

      Specifically, it has come to my attention that although Mr. Spivey was taken into federal custody in this case on October 15, 2014 and has been imprisoned continuously since then, he has yet to receive a single day of credit toward service of his sentence from

---

[1] As reflected in the Judgment entered May 16, 2017, Doc. 16, Judge Crotty sentenced Mr. Spivey to a term of 276 months' imprisonment on Count One, charging production of a visual depiction of sexually explicit conduct involving a minor, in violation of 18 U.S.C. §2251(a) and (e), and to a term of 240 months' imprisonment on Count Five, charging receipt and distribution of child pornography, in violation of 18 U.S.C. §2252A(e)(2), the sentences to run concurrently.

[2] After many years of service on the CJA panel, last year I chose not to seek another term commencing January 1, 2025, and my membership on the panel ended December 31, 2024.  If the Court is so inclined to appoint me for this case, I would be happy to serve.

the Bureau of Prisons. That is partly because at the time charges were filed here Mr. Spivey was in the custody of the New York City Department of Corrections, having been remanded on state sexual assault charges. Mr. Spivey was arrested in his home in the Bronx in April 2013 by New York City Police Department detectives after he admitted sending sexually explicit images to a minor over the internet and engaging in sexual conduct with minor boys in the Bronx. On May 16, 2013, a New York State Supreme Court Jury sitting in Bronx County returned an eight-count indictment charging Mr. Spivey with multiple offenses arising from his sexual assault of a minor. *People v. Spivey*, Indictment 1583-13 (Bronx County).

Fifteen months later, on August 20, 2014, while Mr. Spivey's state case was ongoing, a grand jury sitting in this district returned a six-count indictment charging Mr. Spivey with four counts of producing child pornography, one count of the receipt and distribution of child pornography, and one count of possessing child pornography, in violation of 18 U.S.C. §§2251(a), and 2252A(2)(A). The essential conduct underlying the federal and state indictments was the same. About two months later, on or about October 15, 2014, Mr. Spivey was taken into federal custody and presented in Magistrate's Court where he was ordered detained. Although Mr. Spivey remained at the MDC for the next two and one-half years, through sentencing on May 15, 2017, the Bureau of Prisons has advised us that it has not given Mr. Spivey credit for any of that time. This is because, the BOP advises, Mr. Spivey's production in this case was pursuant to a writ to state authorities, under which he remained in "primary" state custody.

Prior to sentencing, Judge Crotty was made aware that the judge in Mr. Spivey's state case had approved a plea agreement whereby Mr. Spivey would be sentenced to 20 years imprisonment, to run concurrently with the sentence imposed by Judge Crotty. By the time of sentencing, Mr. Spivey had by then been held at the MDC for more than two and one-half years. Neither the parties nor the courts contemplated that Mr. Spivey was not getting credit for his time in federal custody. And it was expected by the Court and parties that he would remain in federal custody to complete the service of his sentence. Indeed, the Judgment entered by Judge Crotty on May 16, 2017 ordered that: "The defendant is hereby committed to the custody of the Federal Bureau of Prisons" for service of the total term of his imprisonment. Doc. 16. At the defense counsel's request, Judge Crotty recommended to the Bureau of Prisons that "the defendant be designated to FMC Devens or Marion…[o]r one of the seven correctional facilities that can provide medical treatment to the defendant's medical disorder." *Id*.

But Judge Crotty's directive was not honored. Almost immediately following his sentencing here, Mr. Spivey was "returned" to state custody on the then-still pending state charges. On May 23, 2017, Mr. Spivey pleaded guilty to one count charging the commission of a criminal sexual act in the first degree, in violation of New York Penal Law section 130.50(4), pursuant to a plea agreement approved by the court, whereby Mr. Spivey would be sentenced to twenty years imprisonment, to run concurrently with the

federal sentence. When imposing the twenty-year sentence on December 19, 2017, the state court judge stated that the sentence "is to run concurrently, Mr. Spivey, with the sentence that you're serving on your federal indictment, which is indictment 14 Crim. 553. Where he will serve his time will be determined, I believe, by the federal authorities." Transcript of Sentencing Proceedings, December 19, 2017, at 4-5.

Yet although Mr. Spivey continues to serve that "concurrent" state sentence, the Bureau of Prisons has advised that because Mr. Spivey remains in "primary" state custody, his 276-month federal sentence will not begin to run until he completes the twenty-year state term and is brought into federal custody. That is, absent relief, Mr. Spivey's federal and state sentences will run consecutively, for a total term of forty-three years imprisonment.

Such a result is at odds with the expectations of the parties and the sentencing courts in Mr. Spivey's federal and state cases. While I have not yet determined the precise nature of the relief I will seek from the Court, I am hopeful that my conferencing this case with the government, and then the Court, will lead to a just resolution.

Respectfully submitted,

*Gary Becker*
Gary G. Becker

Whereas, AUSA Ariana Bloom was recently assigned to this matter. By **July 8, 2025**, the parties are directed to confer and file a joint status letter with any proposed next steps, including the availability for the Bureau of Prisons to produce Defendant for an in-person conference. The Clerk of the Court is directed to terminate the letter motion at docket number 21.

Dated: July 1, 2025
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**